**Keith IVERY, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

No. 2006–3360.

United States Court of Appeals, Federal Circuit.

June 12, 2007.

Before RADER, BRYSON, and LINN, Circuit Judges.

*ORDER*

RADER, Circuit Judge.

Keith Ivery appeals the June 22, 2006 final decision of the Merit Systems Protection Board ("Board") that the Back Pay Act, 5 U.S.C. § 5596, does not apply to the Federal Aviation Administration ("FAA") and therefore the Board does not have the authority to award back pay to FAA employees. *Ivery v. Dep't of Transp.*, 96 M.S.P.R. 119 (M.S.P.B.2004) (*Opinion and Order*); *Compliance Initial Decision*, November 12, 2004; *Final Order*, 102 M.S.P.R. 356 (M.S.P.B.2006). Mr. Ivery, an FAA employee, was selected for a random drug test, charged with adulteration of the drug test, and subsequently removed from FAA employment on April 3, 2002. Mr. Ivery appealed his removal to

the FAA and then to the Board. On May 10, 2004, the Board reversed the FAA's decision and ordered the FAA to retroactively restore Mr. Ivery to his FAA position. The Board also ordered the FAA to pay Mr. Ivery the correct amount of back pay and other benefits under the Back Pay Act. *Opinion and Order* ¶ 24. Although Mr. Ivery received his back pay, he filed a petition for enforcement, on August 4, 2004, with the Board requesting a number of specific items such as restoration of his thrift savings account and a retroactive return of his union dues. On November 12, 2004, the Board's Dallas field office issued a *Compliance Initial Decision* denying the petition for enforcement. On December 15, 2004, Mr. Ivery filed a petition for review with the Board disputing the treatment of his union dues and his Federal Employee Group Life Insurance (FEGLI) designation. In its opposition brief, the FAA noted that it is not subject to the Back Pay Act pursuant to 49 U.S.C. § 40122. After requesting and receiving responses from both parties concerning the applicability of the Back Pay Act to the FAA, the Board issued its final decision. The Board's final decision denied Mr. Ivery's petition for review with respect to union dues and FEGLI designation. The Board also held that it did not possess the authority to award back pay to FAA employees. *Final Decision* ¶ 15–16.

Mr. Ivery's appeal to this court is moot for two reasons. First, he has already received his back pay and, at oral argument, the Government specifically stated that it was waiving any right to recoup any of the back pay that Mr. Ivery has received. Second, as Mr. Ivery confirmed at oral argument, he has withdrawn his request for an adjustment of his FEGLI designation and a retroactive return of his union dues, the two issues that he raised in his petition for review to the Board. Because the mootness of this appeal is attrib-

utable to the actions of both parties, this court declines Mr. Ivery's request that we direct that the Board's order be vacated pursuant to *United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). *See U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship,* 513 U.S. 18, 26, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994).

Upon consideration thereof,

IT IS ORDERED THAT:

Mr. Ivery's appeal to this court is dismissed as moot.